**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSHUA BALDWIN,**
    Petitioner,

v.                                                No.  4:07cv42/SPM/MD

**JAMES R. MCDONOUGH,**
    Respondent.
_____

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a response (doc. 5) to which petitioner has replied (doc. 8).  With leave of court respondent filed a supplemental response (doc. 10).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was charged in the Circuit Court of Gadsden County, Florida with five counts of sexual crimes, including sexual battery by familial or custodial authority and lewd and lascivious molestation of a person under twelve, both first degree felonies with a maximum sentence of thirty years on each count, and lewd

and lascivious molestation of a person over twelve but under sixteen, all second degree felonies with a maximum sentence of fifteen years on each count. Petitioner and the state reached a plea agreement, and the state filed an amended information charging two counts of lewd and lascivious molestation of a person over 12 but under 16, both second degree felonies with maximum sentences of fifteen years. Fla. Stat. §§ 800.04(5)(c), 775.082(3)(c). Since the two charges could be punished by consecutive sentences, with a thirty year maximum, the plea agreement contained an eighteen year cap. Petitioner pleaded no contest to the charges, and was sentenced to two concurrent twelve year sentences, followed by ten years sex offender probation.

Petitioner appealed, arguing, among other things, that (1) the sentence was illegal because the terms of imprisonment combined with the term of probation exceeded the statutory maximum, and (2) the sentence was illegal because the sentencing score sheet included points for penetration of the victim, a fact to which petitioner had not pleaded guilty nor admitted, and which was not found as fact by a jury. The appellate court reversed, holding that the sentence total of twelve years imprisonment plus ten years probation exceeded the fifteen year statutory maximum. The appellate court also ordered that, in resentencing, the trial court could consider petitioner's argument that victim injury points should not be scored for penetration. *Baldwin v. State*, 856 So.2d 1108 (Fla. 1st DCA 2003). At resentencing the court reaffirmed the original twelve years imprisonment and reduced the sex offender probation to three years, again concurrent on both counts. The sentencing score sheet was not changed. Petitioner was unsuccessful in his resulting post-conviction efforts and now seeks federal habeas relief.

The respondent here does not claim that the ground for relief petitioner raises was not properly exhausted in the state courts, nor does he claim that the petition is untimely. Because the petition can be denied on the merits, which both parties

have briefed, the undersigned has not considered exhaustion or timeliness.

### PETITIONER'S GROUND FOR RELIEF

Petitioner's only ground for federal habeas relief relates to his twelve year sentences for lewd and lascivious molestation.  The sentences were for less than the fifteen year maximum allowed by law for the crimes, Fla. Stat. §§ 800.04(5)(c), 775.082(3)(c), but petitioner contends that they were nevertheless illegal because of the score sheet finding of penetration of the victim.  He bases his claim on the so-called *Apprendi*[1] line of cases decided by the Supreme Court in recent years concerning sentencing guidelines.

Petitioner's claim that he suffered an *Apprendi* violation is factually incorrect.  In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment.").   Since *Apprendi* was decided, the Supreme Court has decided three cases that are relevant to the claim raised here, *Blakely v. Washington*,[2] *United States v. Booker*,[3] and *Cunningham v. California*.[4]

As clarified in *Blakely*:

---

[1]   *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[2]   *Blakely v. Washington*,   542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[3]   *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d  621 (2005).

[4]   *Cunningham v. California,* __ U.S. __, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007)**.**

Case No: 4:07cv42/SPM/MD

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.  See *Ring, supra*, 536 U.S. at 602, 122 S.Ct. at 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (*quoting Apprendi, supra*, 503 U.S. at 483, 120 S.Ct. at 2348)) . . . .  In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*).  In *Booker* the Supreme Court extended its holding in *Blakely* to the United States Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  Finally, in *Cunningham*, the Supreme Court extended the reasoning of *Apprendi*, *Blakely* and *Booker* to California's determinate sentencing law (DSL).  Under California's sentencing plan, the crime in question (essentially, and coincidentally, the same crime involved) carried a *lower* term of six years, a *middle* term of twelve years, and an *upper* term of sixteen years.  The judge was required to impose the middle term unless he found one or more aggravating facts at the sentencing hearing.  As in *Booker*, such aggravating facts were found by the court based on the preponderance of the evidence, and not by a jury.  Cunningham received the higher sentence based on the judge's fact finding, and the Supreme Court reversed.  The Court reasoned that while Cunningham's sentence was below the statutory maximum, the DSL effectively made the middle term the mandatory term, much as was the case with the federal sentencing guideline scheme struck down in *Booker*.  The Court therefore held that the judge's fact finding deprived Cunningham of his Sixth and Fourteenth Amendment right to a jury trial.

      The facts and law applicable to this petitioner's sentence do not fit the facts and law in *Apprendi* and its progeny.  Whatever else those cases held, they did not

hold that a sentence is subject to attack if the sentencing judge is *not* bound by sentencing guidelines and is *not* required to make findings beyond what the jury found to impose any particular sentence.

In 1998, adumbrating *Apprendi*, Florida abandoned its previous sentencing guidelines law, and enacted in its place a Criminal Punishment Code ("Code"), Fla. Stat. § 921.002-921.0025 (1999). The Code replaced the structure of Florida's previous guidelines, which allowed sentence guideline departures based on judicial findings, very much like the guidelines struck down in *Blakely* and *Booker*. Instead, the Code provides for the creation of a sentencing score which operates as the minimum or base sentence. Upward departures, where the court was required to make factual findings to justify increased sentences, were abolished. Instead, the Code now authorizes the trial court to impose *any* sentence up to an including the statutory maximum sentence *without making any additional findings*. Fla. Stat. § 924.0024(2) (2000). This is the Code under which petitioner was sentenced. Under the Code, the petitioner's plea authorized the court to impose a sentence that was equal to or greater than the sentence indicated by the sentencing score (in this case 132.1 months, or just over eleven years), up to and including the statutory maximum for the crime, *without making any factual findings*. This is very different from *Apprendi/Blakely/Booker*. Indeed, it is inappropriate to use the term "guideline" in reference to the Code, because no guideline exists. Rather, the sentencing score is the *minimum* sentence the court can lawfully impose without a lawful downward departure. The Supreme Court of Florida so held in *Hall v. State,* 823 So.2d 757, 763 (Fla. 2002): "Because the Code did away with upward departures short of the maximum statutory sentence, a defendant, in order to appeal the length of his sentence within the statutory maximum, must now argue that his sentence was the result of vindictiveness." And as the *Hall* court noted, "the Code is traditional sentencing." 823 So.2d 762. The Code therefore gives the sentencing court

absolute discretion to impose a sentence at or above the scored minimum sentence, up to and including the statutory maximum, without any additional fact finding. Contrary to petitioner's argument, *Cunningham, supra*, is inapplicable here because the sentence score in Florida is unlike California's, where the score mandates a middle term, and that additional aggravating facts must be found, originally by the judge but now by a jury, before a higher sentence can be imposed.[5]

For this court to grant relief, it would have to hold that the state courts' rulings were contrary to, or unreasonable applications of, clearly established federal law. Even assuming that the state court made an erroneous factual finding that penetration occurred, there is no Supreme Court law directly on point saying that a fact which elevates a defendant's sentence to a higher "lowest permissible sentence" is subject to the Sixth Amendment's jury trial guarantee when the defendant's sentence was well within the statutory maximum, and the trial court could have imposed the same sentence without having made the erroneous finding. To say that a correct finding would have forced a lower sentence is speculative only. *Apprendi* and its progeny, including *Cunningham*, are not relevant clearly established federal law on the question, and, even if they are relevant, the state courts were not objectively unreasonable in declining to extend those legal principals to this case.  Petitioner is not entitled to federal habeas relief.

Accordingly, it is respectfully RECOMMENDED that the Title 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Joshua Baldwin,* in the Circuit Court of Gadsden County,

---

[5] In his reply, petitioner argues that this case has another component.  He says that by including the 80 points for unproven penetration, the minimum sentence was extended by 80 months. Petitioner argues that without those 80 months, his minimum scored sentence would have been, depending on factors not relevant here, between 93 and 102 months.  With such a lower minimum, petitioner says he would likely have been given a lower sentence.  This is a due process claim, and no due process claim was raised in the state courts or here. Petitioner therefore did not give the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995).  Any due process claim is therefore procedurally defaulted. Petitioner has not made the requisite showings to excuse his default, so a due process claim will not be considered here.

Florida, case no. 00-436CFA, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of November, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 4:07cv42/SPM/MD*